COMMONWEALTH *vs.* UNITY MUTUAL LIFE ASSURANCE COMPANY.

Suffolk.   March 24. — 25, 1875.   AMES & DEVENS, JJ., absent.

A mutual insurance association insured the life of A., by a policy not under seal, "for the sole use of his wife," and covenanted with A., his executors, administrators and assigns, to pay the amount insured to him and them. The policy contained a condition that it should not be assigned except for the benefit of the wife or children of the insured, if there were any; otherwise it might be assigned to any person with the assent of an officer of the association; and in case the insured should die without leaving any wife or children, or any valid assignment, then the amount insured should be added to the permanent funds of the association. The wife and child of A. died before him; and he assigned one half the policy to B. with the consent of an officer of the association. At the time of this assignment his attention was called to the clause above mentioned, and he said that he desired that the half not assigned should go to the fund of the association. On A.'s death one half the sum insured was paid to B. and the other half was transferred to the fund of the association. *Held,* that the administrator of A. was not entitled to receive the half of the sum insured not assigned to B.

PETITION IN EQUITY brought by John S. Welch, as administrator of Augustus P. Welch, praying that Henry P. Kidder and James C. Davis, who had been appointed receivers of the defendant corporation by a decree of this court, might be ordered to pay to the petitioner one half the amount of a policy of insurance

issued by the defendant corporation to the intestate. Hearing before *Endicott*, J., who dismissed the petition, but, at the request of the petitioner, reported the case for the consideration of the full court in substance as follows :

The petitioner is the administrator of Augustus P. Welch, to whom the defendant corporation, on January 25, 1870, issued a policy of insurance, not under seal, whereby it insured his life for the sole use of his wife, Lucy Jane, and covenanted " with said assured, his executors, administrators and assigns, to pay to said assured, his executors, administrators and assigns, the sum of one dollar for each and every member of this association, sixty days after due notice and proof of the death of the said Augustus, in accordance with the constitution and by-laws of this association."

The policy contained the following among other conditions : " No assignment of this policy shall be made, except for the benefit of the wife or children of the assured life, if there be any such; otherwise, it may be assigned to any person with the written consent of some director or other officer of this association previously obtained ; and any assignment made, except as herein permitted, shall be void and of no effect; and in case said insured life shall die, leaving no widow or children, and without having made any valid assignment or bequest of this policy, or of the sum of money assured herein, then the said sum of money shall be added to the permanent funds of this association."

Lucy Jane Welch, and the only child of Augustus, died after the issuing of the policy and during the life of Augustus, the child dying after its mother. Subsequently, with the consent of the officers of the association, Augustus made the following indorsement upon the policy, signed by him and witnessed by the secretary of the company :

" Boston, Mass., October 3, 1870. It is now my desire one half of the within policy be made payable to Benjamin D. Whitcomb, and in proof of which, I do in my own handwriting sign my name in the presence of these witnesses."

The policy was thereupon delivered to Whitcomb. At the time of executing the indorsement, Augustus was informed by the officers that one half of the policy would remain payable to and be retained by the association, and the clause of the policy quoted above was read to him. He said that he wished to ac-

commodate Whitcomb, who had befriended him, and to assign to him one half; the rest he desired to give to, or that it should go to, the widows' and orphans' fund of the association.

Augustus died intestate, November 29, 1870, leaving no wife or child, and not having made any other assignment of the policy.

Suitable proofs of his death were thereafter submitted to the association. The number of surviving members of the association was then eight hundred and fifty-nine, and $859 was collected by the association from its members on account of the policy. Of this sum $470 was paid to Whitcomb, on December 10, 1872, in satisfaction of a judgment recovered by him in the Superior Court against the association for one half of the sum assured by the policy, and costs, and Whitcomb thereupon surrendered the policy to the association, making upon it an indorsement acknowledging the receipt of the said amount " in full for the within policy, and also of the judgment recovered thereon."

The money received by Whitcomb under the policy was expended by him for the benefit of the heirs of Augustus. The residue of the money collected by the association from its members on account of the policy, amounting to $389, was transferred by the directors of the association, January 1, 1873, to the widows' fund, which was one of the permanent funds of the association, and is still invested with the fund.

The constitution of the association set forth that the objects of the association were to insure to the widows and orphans, or such other person or persons as may hold an assignment of the policy at the time of the death of the assured, as many dollars as there are members in the class to which the policy belongs. It also provided for a " widows' fund," and that " a member having no wife or children may dispose or bequeath such sum or sums of money as the widow or children of a deceased member would receive, to any person; if not done so, the said sum or sums of money shall be added to the permanent fund, except funeral expenses, if required."

*C. G. Chick*, for the petitioner.

*J. C. Davis*, for the receivers.

BY THE COURT. The wife and child being dead, any transmissible interest which they had, (if by law they had any, which need not be decided,) having vested in the assured as husband

and father, and he having made no assignment or bequest whatever of the half of the policy now in question, the sum represented by that half was, by the express condition of the policy, and in accordance with his own request, added to the permanent funds of the association.                          *Petition dismissed.*